CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
Danville
AUG 0 1 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| WALTER M. BRUCE, | ) | CASE NO. 4:04CV00072 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | | U. S. Magistrate Judge |
| Defendant, | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 13, 1999 claims for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 52 years old at the time

1

with a high school education, was insured for disability benefits through December 2002. (R. 28, 29, 34.) The Law Judge further found that plaintiff had a history of employment as a dye worker, cloth inspector, warehouse manger, laborer in a textile factory and a temporary laborer. (R. 29.) The Law Judge concluded that plaintiff suffered a severe combination of impairments, which he identified as a form of liver disease, chronic hepatitis and a "slight hearing loss." (R. 33, 35.) he did not believe that plaintiff impairments, or a combination thereof, met or equaled any listed impairment, though the Law Judge did find that plaintiff was disabled from his past relevant work. (R. 32-35.) Further finding that plaintiff's allegations were not "totally credible," the Law Judge determined that plaintiff possessed the residual functional capacity to perform "a significant range of light work." (R. 34-35.) By application of the Medical-Vocational Guidelines ("grids") and by reference to some of the evidence adduced from a vocational expert (VE), the Law Judge concluded that there were jobs available in the economy for the plaintiff. (R. 25.) Consequently, plaintiff was found not disabled under the Act.

Plaintiff appealed the Law Judge's decision to the Appeals Council. While the case was on administrative appeal, plaintiff submitted additional evidence. (R. 457–505.) The Appeals Council determined there was no basis in the record or in the evidence submitted to it to review the Law Judge's decision and denied review. (R. 8-11.) Thus, the Appeals Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

The Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also, Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v.*

*Celebrezze*, 368 F.2d 640 (4th Cir. 1966). However, whether substantial evidence supports the Commissioner's decision and whether the correct legal standards were applied are questions of law. *See*, 42 U.S.C.A. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390; *Hancock v. Barnhart, supra.*; *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

With this in mind, the Commissioner may not reject plaintiff's statements about the intensity of subjective symptoms, such as pain, "solely because objective medical evidence does not substantiate [plaintiff's] statements." 20 C.F.R.§§ 404.1529(c)(2) and 416.929(c)(2). No objective evidence of the symptom itself is required, but objective medical evidence must exist of a medically determinable impairment which could reasonably be expected to produce the symptom alleged. 20 C.F.R. §§ 404.1529(a)-(b) and 416.929(a)-(b); *See also, Foster v. Heckler*, 780 F.2d 1125 (4th Cir. 1986). Furthermore, where, as here, the claimant has proved an inability to perform his past relevant work, the burden shifted to the Commissioner to produce evidence that alternate gainful activity is available in significant numbers to the claimant. 20 C.F.R. §§ 404.1520 and 416.920. Where non-exertional limitations are present, the Commissioner is not permitted to discharge that burden by relying on the grids, but instead, she must present vocational evidence through a VE. 20 C.F.R. §§ 404,1569 and 416.969, Appendix II, § 200.00(e). For vocational evidence to be relevant, the Law Judge must properly set out all of plaintiff's impairments and their effects in the hypothetical questions to the VE. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

Further, when evidence is offered to the Appeals Council on administrative appeal, the Council has a duty to do more than offer scant discussion of it. *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D. Va. 2000). The Council has a duty to make specific findings regarding the weight it has given the new evidence, and where it fails to do so, and where the evidence does not otherwise

compel a court to enter judgment as a matter of law on the record before it, thus rendering the purpose of a remand unnecessary, the better practice is for a reviewing court to send the case back for further proceedings in order to give the Commissioner an opportunity to make findings of fact that can be meaningfully assessed under 42 U.S.C. § 405(g).

As pointed out to the Appeals Council by plaintiff's attorney, there are three issues that immediately surface upon a review of the record. (R. 453-456.) First, there is no question that the Law Judge discounted plaintiff's credibility for reasons the Law Judge said were "set forth in the body of the decision." (R. 35.) The undersigned has parsed the decision and agrees with plaintiff's observation that no such reasons appear anywhere in that decision.

Second, plaintiff has contended that the Law Judge failed to account for the synergistic or combined effects of plaintiff's maladies in determining his residual functional capacity but, instead, found that the treating medical evidence did not support any greater restriction. (R. 33, 35.) *Reichenbach v. Heckler*, 808 F. 2d 309 (4th Cir. 1985). The best the undersigned can tell, the Law Judge's finding of an absence of support for plaintiff's claim in the treating record was made in conjunction with his determination that a DDS consultative examination performed on October 7, 1998 and offered during the prosecution of plaintiff's earlier claim for benefits, still reflected the state of plaintiff's medical status. (R. 156-159.) The difficulty the undersigned has with the substantiality of this conclusion is that there was, in fact, treating source evidence in the record from the Veteran's Administration which demonstrated not only that plaintiff's limitations were greater than those found by the Law Judge, but that plaintiff's liver impairment actually met the requirements of § 5.05F of the Commissioner's Listings, 20 C.F.R. §§ 404.1525 and 416.925, Appendix 1, § 5.05. (R. 32, 307-308.) The undersigned does not believe it is sufficient for the Law Judge simply to have dismissed this treating evidence in favor or a dated

4

DDS consultative examination on the ground that it is the Commissioner who has the authority to make determinations of whether the claimant's impairment meets or equals the requirements of the Listings or whether the claimant possesses the residual functional capacity to perform work-related activities. Of course it is the Commissioner's responsibility to do so, but it can be rightly exercised only upon the substantial evidence in the record. A dated DDS consultative report does not fit the bill as far as the undersigned is concerned.

Moreover, the Appeals Council had before it on administrative appeals certain records from the VA. Medical Center in Durham, North Carolina contains notations concerning the effects of the maladies reported in those records. (R. 457-505.) These notations are vocationally relevant and may have had enough bearing on the Law Judge's decision to have required the Council to articulate specific findings concerning their weight which may be properly reviewed by the courts. However, the Council paid little more than lip service to this evidence in adopting the Law Judge's decision adverse to the plaintiff.

For these reasons, the undersigned RECOMMENDS that an order enter remanding the case to the Commissioner for further proceedings at the final level of the sequential evaluation.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

8/1/05
Date

6