CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 10 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| WALTER M. BRUCE,<br>Plaintiff | ) ) ) | CASE NO. 4:04CV00072 |
| v. | ) ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>Defendant | ) ) ) ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

Before the undersigned, under authority of 28 U.S.C. § 636(b)(1)(B), is the plaintiff's August 24, 2007 Motion For Approval Of Attorney's Fee Under 42 U.S.C. §406(b) ("Motion") in the amount of $10,093.87 representing 25% of plaintiff's past due benefits less the sum of $4,000.00 which plaintiff's counsel was awarded for the 58.50 hours spent before the Social Security Administration. The Commissioner has filed a response in which he voices no objection to an award of a contingent fee, but he asks the court to award only $3,500.00.

It is not disputed here that 25% of plaintiff past due benefits comes to $14,093.87, and that plaintiff's counsel was award the sum of $4,000.00 for the 58.60 hours of service performed by counsel before the Administration. (Affidavit of J. Willard Greer, ¶¶ 3,4. ) Accordingly, the amount claimed has been offset by the fees already paid administratively, and counsel has acknowledged that he spent 7.20 hours representing the plaintiff before the court. (*Id* at ¶¶ 4,5.) Counsel also has tendered to the court a copy of his underlying Fee Agreement with plaintiff in which the plaintiff agreed to a contingency fee as permitted under 42 U.S.C. §406(b).

In support of his request to reduce the amount awarded, the Commissioner relies on an opinion by the presiding District Judge in this case in *Milam v. Barnhart*, 387 F. Supp. 2d 656 (W.D. Va. 2005), ironically involving the same attorney. He believes that, under the *Milam*

analysis, a reasonable contingency fee would be $3,500.00.

In *Milam*, the court reduced Mr. Greer's request for approval of $9,846.00 in contingency fees to $6,300.00 where counsel had logged some 50 hours before the administration and 12.6 hours before the court. The record there revealed that 25% of plaintiff past due benefits amounted to $13,846.50, but the presiding court, relying on *Mudd v. Barnhart*, 418 F.3d 424 (4th Cir. 2005) and rejecting the undersigned's recommendation of this court for a larger award, found $6,300.00 to be a reasonable contingency fee for the "additional...12.6 hours he spent before this court." *Milam*, 387 F. Supp. 2d at 659.

This case is distinguishable from *Milam* in at least two ways. First, the underlying fee agreement here does not limit counsel to an award of 25% of all past due benefits or $4,000.00, "whichever is *less*" as did Mr. Greer's agreement in *Milam*.[1] 387 F.Supp. 2d 656, 659. Second, the Commissioner's offer of $3,500.00 as a reasonable fee would reduce the overall amount awarded to $7,500.00. That amounts to 54% of the withheld benefits which, itself represents 25% of plaintiff's past due benefits. This is far less than the percentage than the eventually approved fee bore to the withheld benefits in *Milam*.

Because, as *Mudd* and *Milam* counsel, there is no bright line test for determining the reasonableness of contingency fee, except that concentrating on any single factor is not appropriate, it would seem that each request for approval stands *sui generis*. Here, the agreement, itself, is reasonable and within the parameters of 42 U.S.C. § 406(b). The delay costs and risk factors certainly have had their play to erode the value of the full 25% fee since the claim initially was filed with the administration and, after a significant period of time, brought to this court on appeal of an unfavorable decision in 2004. According to plaintiff's uncontested affidavit, the

---

[1] In *Milam*, the administration actually awarded counsel the sum of $3,925 which represented $4,000.00 less a $75.00 user fee. 387 F. Supp. 2d 656, 657, FN1.

2

total back benefits here are $46,397.63, whereas, in *Milam,* they were $41,538.70. The number of hours logged by counsel here exceed those in *Milam* by 1.60 hours, and, in the undersigned's judgment, counsel's experience, ability and practical skills as a Social Security lawyer have been among the best in the District for at least a quarter of a century.

Having made these observation, the undersigned is of the view that the Commissioner's request to limit counsel's contingency fee in this case to $3,500.00 is unreasonable. Interestingly, the undersigned observes that the *Milam* court awarded counsel fees which, when coupled with those received at the administrative level, and when viewed for reasonableness, essentially amounted to 25% of plaintiff's past due benefits when all was said and done.[2] In this case, the undersigned finds that $7,500.00 would be a reasonable fee to award counsel for it accounts for the sums heretofore paid by the administration, considers the delay and risk factors, acknowledges counsels ability, experience and skill and honors a reasonable contingency fee between the claimant and counsel.

Thus, it is

RECOMMENDED

that an Order enter GRANTING, in part, and DENYING, in part plaintiff's Motion and AWARDING counsel fees in the amount of $7,500.00 to be paid according to law.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the

---

[2] In retrospect the undersigned's Report and Recommendation in *Milam* not only was erroneous for the reasons explained by the District Judge, the calculations advanced in that Recommendation likewise were erroneous because they would have led to an award of more than 25% of the past due benefits. As athletes sometimes say after a blown play, "My bad."

3

undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

Sept 10, 2007
Date

4